LAWRENCE CARAWAY *v.* AGAPIT JEAN.

*John A. Edgerly, Jr.,* for the plaintiff, filed no brief.

*Russell H. McGuirk* (by brief and orally), for the defendant.

BLANDIN, J.   It appears clear that the plaintiff, who testified without objection that "I guarantee the note," was an endorser on the two notes signed by the defendant and payable to the bank. R. L., c. 366, s. 17 VI.   See also, *id., s.* 63; *Trafton* v. *Garnsey,* 78 N. H. 256, 260.   It is too well established to require extended citation that having paid them, he is entitled to reimbursement from the defendant maker.   10 C. J. S., Bills and Notes, s. 221.   He is also the possessor of the title to the notes formerly held by the bank through the transfer to him by it for value (R. L., c. 366, s. 49) and has all the rights against the defendant which the bank possessed (*id., s.* 58), including the right to sue in his own name.   *Clark* v. *Wheeler,* 81 N. H. 34, 40, 41.   In addition to this, the transfer of the debt to the plaintiff carried with it as an incident the bank's interest in the mortgaged television set.   *Cutting* v. *Whittemore,* 72 N. H. 107, 110, 111.   Although the mortgage had been signed as discharged by the bank, it seems to us the circumstances negative any intent of the parties to so separate the security from the debt so far as the rights between the plaintiff and defendant are concerned.   No innocent third parties have intervened and, as between the plaintiff and defendant, unquestionably the former is entitled equitably to this security.   *International Trust Co.* v. *Company,* 70 N. H. 118.   We believe the transfer from the bank to the plaintiff of the debt must be deemed equitably to have carried with it the security of the mortgage.   *Esty & Green* v. *Graham,* 46 N. H. 169, 170.   Under the circumstances the equitable mortgagee had a right to replevy and sell the property and pay himself in full.   *Leach* v. *Kimball,* 34 N. H. 568; *Mercier* v. *Company,* 84 N. H. 59.   The fact that the sale was not pursuant to notice as required (R. L., c. 262, ss. 25-28) does not make it invalid as against the defendant nor deprive the plaintiff of his right to recover all that was due him less any damage done to the defendant on account of the loss of his right of redemption.   *Leach* v. *Kimball, supra.*   "Resort to repossession and suit for the price should not bar each other, and the remedies may well and properly be concurrent to the point of satisfaction."   *Mercier* v. *Company, supra,* 62.   The record shows that the plaintiff as an endorser paid to the bank $234, including $10.50 interest.   He has received a verdict for $73.50 on the $100 note and has sold the television set for "roughly over two hundred dollars" including a new aerial which furnished and installed was worth

about $65. He therefore stands to receive from the sale and verdict something over $200 as against the debt due him of $234. There is no evidence to show that any damage allowed the defendant because of the loss of his right of redemption due to the lack of a statutory sale exceeded the difference between these figures. It follows there must be

*Judgment on the verdicts.*

All concurred.